**Remedios Canlas ARROZAL,**
**Petitioner,**

v.

**IMMIGRATION & NATURALIZATION**
**SERVICE, Respondent.**

No. 00–70165.

INS No. A27–699–083.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2002.*

Decided March 28, 2002.

---

Before THOMAS, GRABER, and GOULD, Circuit Judges.

### ORDER

The memorandum disposition filed January 14, 2002, is withdrawn.

The panel unanimously has voted to deny the petition for rehearing and the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED.

### MEMORANDUM **

Petitioner Remedios Arrozal Yehdego ("Yehdego") seeks review of a Board of Immigration Appeals ("BIA") decision denying her motion to reopen her deportation proceedings. We deny her petition for review.

Yehdego argues that aliens may restart a new period of seven years of continuous physical presence after receiving an Order to Show Cause ("OSC"). We reject this argument because it has been foreclosed by *Ram v. INS*, 243 F.3d 510, 518 (9th Cir.2001).

We also reject any argument that the BIA should have applied the law in effect at the time it first heard Yehdego's motion in 1996. The procedural history of Yehdego's case is nearly identical to that of *Ram.*

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

In *Ram,* we originally reversed the BIA's denial of Ram's suspension of deportation motion and remanded for further review of hardship. 243 F.3d at 512. On remand, the BIA applied the stop-time rule to Ram and denied the petition, and we approved the BIA's action.

Our cases which have required the BIA to apply pre-IIRIRA law are distinguishable. In *Guadalupe–Cruz v. INS,* 240 F.3d 1209 (9th Cir.2001), the Immigration Judge had applied IIRIRA's stop-time rule four days before IIRIRA became effective. There was no premature application of IIRIRA here. In *Otarola v. INS,* 270 F.3d 1272 (9th Cir.2001), the stop-time rule was able to be applied by the BIA only because the government pursued a frivolous appeal. Here, Yehdego was the one appealing the suspension of deportation decision.

*Ram* controls Yehdego's case. Application of the stop-time rule to Yehdego was proper.

However, we remand this case to the BIA so that it may consider a repapering request by Yehdego.

PETITION DENIED and REMANDED.